```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

| | |
|---|---|
| **FREIDA L. MITCHELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 18-2342-TLP-tmp |
| | ) |
| **MEGAN J. BRENNAN,** | ) |
| *General Postmaster,* | ) |
| | ) |
| Defendant. | ) |

_____

### REPORT AND RECOMMENDATION
_____

On May 15, 2018, *pro se* plaintiff Freida L. Mitchell filed an action for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 631-634, and Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, against defendant Megan J. Brennan, Postmaster General. (ECF No. 1.) Mitchell also filed a motion for leave to proceed *in forma pauperis*, which the court granted on May 17, 2018. (ECF Nos. 2; 4.) Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons stated below, the undersigned recommends that this case be transferred to the United

States District Court for the District of Colorado, where venue is proper.  See 28 U.S.C. § 1406(a).

Mitchell's complaint states that she lives in Colorado.  (ECF No. 1 at 2.)  Mitchell attached an 11-page document titled "Employment Discrimination Complaint" to her filing.  (ECF No. 1-1.)  After reviewing Mitchell's filings, it appears that Mitchell alleges that she suffers from various ailments including chronic migraines, bipolar disorder, post-traumatic stress disorder, vertigo, and diabetes.  (ECF No. 1-1.)  It also appears that, in August 2014, Mitchell applied for temporary holiday work with the United States Postal Service ("USPS") at a location in Colorado.  She alleges that she was not hired because of her disabilities, race, and age, in violation of Title VII, the ADA, and the ADEA.  (ECF No. 1 at 2; ECF No. 1-2 at 7.)  Mitchell lists Colorado addresses for the only named defendant – Megan J. Brennan, the Postmaster General – and for the USPS location where she sought employment.  (ECF No. 1 at 2.)  Neither the complaint nor any of the documents submitted by Mitchell reveal any connection to Tennessee generally, or the Western District of Tennessee specifically.  The court further notes that it appears that Mitchell has filed a similar lawsuit against the same defendant in the United States District Court for the District of Colorado; that case is currently on appeal to the Tenth Circuit.  See Order of Dismissal, Mitchell v. Brennan, No. 1:17-cv-02216-LTB (D. Colo.

Mar. 1, 2018), *appeal docketed*, No. 18-1102 (10th Cir. Mar. 19, 2018).

> Actions under Title VII may be brought in:
>
> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  The ADA incorporates the procedures prescribed by Title VII, so the same standards apply to ADA claims. See 42 U.S.C.A. § 12117(a).  The court's review of Mitchell's filings reveals that the Title VII and ADA claims should not proceed in this district.  Mitchell does not allege that the unlawful employment practices were committed in Tennessee; she does not allege that the employment records relevant to such practice are maintained or administered in the Western District of Tennessee; she does not allege that she would have worked in the Western District of Tennessee but for the allegedly unlawful discrimination; and she does not allege that USPS's principal office is located in the Western District of Tennessee.  As far as the court can tell, the complaint lists events that occurred exclusively in Colorado.  The court is unaware of any connection to this district, such that venue would be proper here.  Thus,

Mitchell's Title VII and ADA claims should not proceed in this district for lack of venue.

The Western District of Tennessee is likewise not the proper venue for Mitchell's ADEA claim.  ADEA claims are subject to the general venue provision of 28 U.S.C. § 1391.  See 29 U.S.C. § 626(c); Varma v. Gutierrez, 421 F. Supp. 2d 110, 114 (D.D.C. 2006); Benton v. England, 222 F. Supp. 2d 728, 731 (D. Md. 2002).  That section provides:

> A civil action may be brought in-
>
> (1) A judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located;
>
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such matter.

28 U.S.C. § 1391(b)(1)-(3).  Mitchell does not allege that the defendant resides in the Western District of Tennessee; the only named defendant is the Postmaster General.  See 28 U.S.C. § 1391(b)(1).  Nor does Mitchell allege that a "substantial part of the events or omissions giving rise to the claim occurred" in the Western District of Tennessee.  See id. § 1391(b)(2).  It appears that all of the alleged events giving rise to the claim occurred in

-4-

Colorado.

Accordingly, it appears that while venue is not proper in this district, it would be proper in the United States District Court for the District of Colorado.[1]  "[T]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); see also Martin v. Stokes, 623 F.2d 469, 474 (6th Cir. 1980).  The undersigned therefore recommends that, in the interest of justice, the Clerk be ordered to transfer this case to the United States District Court for the District of Colorado[2] pursuant to 28 U.S.C. § 1406(a), and that this case be closed without entry of judgment.[3]  In so recommending, the undersigned does not consider the screening factors in 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

    Respectfully submitted,

                          s/ Tu M. Pham
                          TU M. PHAM
                          United States Magistrate Judge

                          May 22, 2018
                          Date

---

[1] Because venue would be proper in a different district, 28 U.S.C. § 1391(b)(3) does not apply.

[2] See http://www.cod.uscourts.gov/.

[3] A federal district court may transfer a case from an improper forum to a proper forum regardless of whether the district court could exercise personal jurisdiction over the defendants. Taylor v. Love, 415 F.2d 1118, 1119-20 (6th Cir. 1969) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962)).

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**